The first case on the calendar is United States v. Holloway. This is probably one of the first cases the court gets to consider eligibility under the Fair Sentencing Act retroactive. The Act quite clearly defines a covered offense. And I think we both now, both parties agree that Mr. Holloway was convicted of a covered offense because he was convicted of violating a Federal statute. The penalties were changed under the Fair Sentencing Act, and because his offense was committed before August 3rd of 2010. As a result of that, he's no longer facing the penalties under 841b1a. He's now looking at the penalties under 841b1b. I put in a 28J letter because since the briefing in this case, there have been four circuit courts that have decided eligibility, finding that it's solely governed by the statute of conviction, as opposed to looking at any at anything else, looking at the pre-sentence investigation report or to looking at whether or not somebody was a career offender. So the idea is if he's not already been sentenced in accordance with Sections 2 and 3 of the Fair Sentencing Act, and the Court has not already denied a motion under the First Step Act on the merits, then he's eligible to be considered. Correct. Those are the only limitations that are in the Act under 404c. And the district court here specifically found Mr. Holloway not eligible for a reduction. And so we wanted some guidance from this Court to go back to the district court to say, no, eligibility turns on the statute of conviction, and therefore, you can look at whether or not Mr. Holloway should receive a reduction and use whatever arguments or, you know, the government would then be able to argue, well, you shouldn't get a reduction based on if the guideline range didn't change, for example, under the career offender status, but it doesn't change the fact that in the first instance, Mr. Holloway is eligible for a reduction. So can I just go to the merits? Can I just ask you exactly what relief you're looking for now? So it's my understanding that Mr. Holloway has been released from BOP custody at this point. That's correct. So there's this discussion of mootness and all that. It seems like, if I understand it correctly, the parties agree that it's still a live controversy as to whether Mr. Holloway gets a reduction in his supervised release term, right? Correct. Are you also seeking a retroactive reduction of his prison term or not? I'm not seeking a retroactive reduction of his prison term, but I am seeking a remand consistent with Beresey, which is for the Court to look at whether or not it would have, given the fact that Mr. Holloway is eligible for a reduction, that it might have reduced the term of imprisonment at the time that the motion was filed. But that's really a factor in how much of a reduction in supervised release you're now looking for. Correct. Because I agree he can't go below the minimum that would be required, but we are in a situation where he otherwise might have sentenced. Well, can I ask you about that? When you say the Court can't go below the minimum of what? Well, we had an argument at the district court level as to whether the new term of supervised release would be a minimum of 4 years or whether it would be a minimum of 8 years. So can I just ask you, why does that matter? The guy got a 5K, and not just a 5K, but a 3553e. So doesn't that mean that all the man-mends? I mean, I understand that we'd like to know, the sentencing court ought to know, what's the starting point beyond which he otherwise would not have been able to drop. But am I missing something here? But there's a 5K, so the man-mends drop out. Well, yes, but I'm not so sure the government would agree with that, Your Honor, because the — even though there was a 5K and the mandatory minimums drop out, I'm not so sure that they filed their 5K with an expectation that the minimum on supervised release would change. Well, I don't think — Well, they should. I agree with you. Okay. So let's just get your — we'll hear from the government about their position. Is your position that the government has the power to file half a 5K? No, I don't believe they do, Your Honor. I believe when they file a motion under 3553e that all the floor is open and that it can drop down lower. And that's why — I want to be — I'm sorry. In part, why we're asking for a remand for the district court to consider what the appropriate minimum on the supervised release might be. And you're looking for a reduction on supervised release? Yes, Your Honor, we are. Anything else? What else are you looking for? Guidance from the court on eligibility. If you — it could be only — On what? Pardon me? You said guidance for the court. Guidance for the court on how to determine eligibility under the First Step Act. Because if you — if you believe what the government argues, they said, well, we conceded eligibility at the district court level. I certainly didn't read it that way, and I don't believe the court read it that way. The court found him not eligible for a reduction. And I would point to — So your argument is that we should join the other courts of appeals, all of which have ruled, as you read the statute, in order to give some guidance to the district courts about how to — how to interpret the act? Yes. Thank you. Good morning. May it please the Court. My name is Tiffany Lee, and I represent the United States. I first want to address the — in terms of what we agree with Mr. Holloway on. And for the facts of this case, we believe that Mr. Holloway was — did fall within Section 404 of the First Step Act. And this is encompassed not only by the terms of the to the — the amount of cocaine base that we feel falls. This Court will be hearing an argument about what constitutes a covered offense in a matter of a few weeks in the case of United States v. Monet Davis. Monet Davis is not this case. We're saying Mr. Holloway specifically was — did fall within — within Section 404 of the First Step Act in terms of being able to come and say, before, with the Fair Sentencing Act, I couldn't — I was boxed out in terms of trying to apply for retroactive relief. But now the First Step Act has opened that door, and now I'm permitted to apply for the retroactive relief. And just to be clear, so if I understand this, because the plea, the factual basis is, what, 66 grams? Correct. So that no matter how you slice it, if you take the government's view that it's 66 grams, or you take the defense's view that it's — the operative amount is — is the amount of the statute, which is, what, 28, either way, under either of your views, we're dealing with what is now a B-1B case. Correct. Exactly. So I just want to make that clear because, you know, I want to preserve our arguments for Monet Davis, which is a completely different factual scenario. So what it comes down to is really what is the relief that is being sought. And I think the Barisi case is somewhat distinguishable in terms of calculating over time — you know, the time over-served by the particular defendant in that case. Barisi involved what was, in essence, two appeals. First was — it was a white-collar case. I believe the district court judge imposed a sentence that was above guidelines and had a variety of bases of which the Second Circuit panel determined only two were permissible bases and said, go back and do it all over again, and also consider, you know, supervised release in the mix. When it came back again, the district court did not — basically, in essence, didn't really redo the calculations and just kind of just said, I have these two bases and this court basically said, no, you need to kind of calculate everything in total again. This is not that case. The case here is basically the exercise of the district court's discretion in whether or not to grant a reduction under the provisions of Section 2 and 3 of the Fair Sentencing Act. And so while the order does talk about eligibility, we think that that's just an inartful way of saying he's not entitled to, you know, it's the district court's discretion of saying he's not entitled to. Breyer. He acted like this was a 3582c2 case. Barisi. I — Breyer. I mean, he was just operating under the wrong paradigm. Barisi. He was — I think it was — I think the district court was operating under — because that was the initial marching orders that I think the probation office was getting as soon as the First Step Act rolled out. So looking under that in my exercise of discretion, we're in the same category guidelines-wise. You're basically going to be released in a matter of six months. I'm saying no. I'm not giving you the reduction. I want 168 to be in effect. You know, there's no basis for me to — Roberts. So, okay. Let's assume for the sake of argument that we would want to, at a minimum, remand and ask the Court whether that's actually what the Court was thinking, even though everything he said seemed to be indicating that he was operating under a c2 paradigm and not a c1b. Well, let me ask you a couple things there. Number one is just — I wasn't clear from the government's brief. Would you now agree that First Step Act reductions are not governed by c2 but by c1b? Barisi. We would — we would agree that it — they're not — they're not governed  by c2. I'm just putting that aside. I don't have a paradigm. Yeah, putting it aside. Just quite literally, though, which portion of 3582 governs a First Step Act reduction? Do you agree it's c1b and not c2? I think that's — I think that is the government's position is that we are not no longer advocating for the c2 application on 3582 with respect to First Step Act applications. So the district court should exercise its discretion, you know, without being cabined by 3582. Okay. But just, again, I'm — maybe — let me just be clear. I'm asking a very narrow question about what the government's view is as the source of statutory authority that the district court is exercising pursuant to an FSA reduction. Is it 3582 — 3582c1b? If you're not prepared to — I'm not prepared to answer, but I will — I can — I can definitely submit a supplement to a letter within a week's time just to, you know, articulate the government's position. I don't — And then you're also — your discussion of Parisi, can I just ask you this, and I'll try to frame the question this way. If this case were to be remanded and it looks like you agree with the defense with — that Mr. Holloway is eligible for consideration for a reduction — Correct. Would you object to the district court, in the exercise of its discretion, considering, when it's deciding whether, and if so, how much supervisory release to reduce, considering how much it could have reduced the defendant's prison sentence under the Fair — the First Step Act? I guess we would — we would — we would — we would say that the district court has its sentencing discretion under, you know, its normal sentencing factors, so it could be — it could certainly consider it. We're — you know, it's going to consider everything. So, again, it would — the guidelines would end up being the same. All right. Is the answer to that question yes? Yes. We will — we would consider yes. We would — we would allow — the whole idea is the First Step Act, through the Fair Act, is to take a look at all the factors and determine whether or not to reduce a sentence. So some of that could be — It doesn't sound like — it sounds like you're basically in agreement. But on the statutory question, do you mind submitting us that — that letter, as you said, a week from today? And if the — I think that could be done. Bob, I have to close the business tomorrow? Yes, we can. My colleagues are accelerating the timetable. No, that would be fine. And if — and if you'd like to respond, maybe the day thereafter, or close the business the next day. Can I ask a follow-up question about the — the 5K issue, too? And I think it would be helpful to know whether the parties have differing positions on this or not. But once the government filed the 3553E motion, is the government's position that the district court at this point, or on a potential remand, would or would not be bound by whatever mandatory minimum term would otherwise apply to supervised release? Again, this is a question I really have not thought about, and I would like the opportunity to kind of discuss with, you know, the trial attorney below, in terms of what our position would be under those circumstances. Because certainly below, we argued for — for consideration that — we said that the court could reduce the term of supervised release from 10 to 8, but we never said anything else about that.  I didn't see anything in the papers. No. And it seemed to me that neither party had raised the question of the effect of — Of 5K. Yeah. And more than a 5K, but 3553E, which, again, my instinct would have been that that means that you can debate all day long what the otherwise applicable amendment would have been, but that certainly would no longer be binding on the district court at this point. Now, if there's some reason why that's — that's not so, I think it would be good to know what the party's position is on that, one way or the other. Okay. So, I don't know if that could be added to the — All right. That could be added to the supplemental letter that the government will — It's a good guess to have one supplemental letter, I think. Yes. We will have that. So, just for clarification, the issues are, with respect to the application of the first STEP Act and 3582C1B, as opposed to C2. As opposed to C2. Which one do you think it falls under? Okay. And then the second issue is whether or not the reconsideration of the — Of the supervised release, whether the — Supervised would be — would mean including — The district court's discretion is cabined in any way by the mandatory. Cabined by a mandatory minimum. In light of the fact that the government has already filed as 3553E. Okay. So, those are the two issues. Okay. Thank you. Unless there are any further questions. Thank you. Just briefly, because one of the cases cited in my 28J letter specifically addresses the issue about whether 3582C2 applies and finds that it does not. I think some of the confusion came from — In part, I'll throw probation under the bus because they said it should be governed under that provision. But also, the government, in their response, made reference to the abbreviated supplemental pre-sentence investigation report, said the guideline range didn't change, and therefore, the defendant was not entitled to relief. And I think that's where the court then found that he was not eligible. We understand this is one of the earliest — probably one of the earliest rulings on the First Step Act, so it's — it was not — it didn't happen with the benefit of rulings from many other courts. Correct. And in addition to United States v. Worsing, I had cited several other cases, district court decisions in my brief that said 3582C2 did not apply, and also that — specific to career offenders. So thank you both, and we will await your further brief submissions. I don't think this should take more than five pages. It'll probably take considerably less. Thank you.